IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **SAMUEL THAMAR JAMES,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00297 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **J. C. STREEVAL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Samuel Thamar James, Pro Se Petitioner.*

The petitioner, Samuel Thamar James, proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 while he was incarcerated at the United States Penitentiary Lee, located in this judicial district. After review of the record, I conclude that his Petition must be summarily dismissed for lack of jurisdiction.

I.

Court records indicate that in March 2009, a grand jury in the United States District Court for the Middle District of Florida returned an Indictment charging James with one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), No. 8:09-cr-00089-SDM-TBM-1. The government filed an Information and Notice of Information, pursuant to 21 U.S.C. § 851, alleging that James had two prior state

court convictions: one for delivery and possession of cocaine, and one for possession of cocaine with intent to distribute. James did not contest these convictions. A jury found James guilty of a lesser-included offense of possession with the intent to distribute less than five grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C).

Based on his prior convictions, the court sentenced James under the career offender guideline to 262 months in prison. James did not obtain relief on direct appeal. *United States v. James*, 642 F.3d 1333 (11th Cir.), *cert. denied*, 132 S. Ct. 438 (2011).[1] His motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was also unsuccessful. *United States v. James*, No. 8:09-CR-89-T-23TBM, 2017 WL 1838528, at *1 (M.D. Fla. May 8, 2017), *certificate of appealability denied*, 2017 WL 7688260, at *1 (11th Cir. Nov. 21, 2017) (unpublished).

James filed this § 2241 Petition in May 2021, years after his convictions, contending that his career offender sentence is defective under *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding that prior conviction does not qualify as generic form of predicate violent felony offense listed in Armed Career Criminal Action, 18 U.S.C. § 924(e), if an element of crime of conviction is broader than an

---

[1] The written judgment filed in the case erroneously stated that James was convicted of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii). *James*, 642 F.3d at 1337. The court of appeals remanded the case for correction of this clerical error. *Id.* at 1343.

element of generic offense because crime of conviction enumerates various alternative factual means of satisfying that element).

## II.

Normally, after the conclusion of direct review, a federal prisoner seeking to overturn his conviction or sentence may file a motion under 28 U.S.C. § 2255 to collaterally attack his conviction. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974). A district court cannot entertain a § 2241 petition challenging a federal conviction or sentence unless the petitioner proves that the remedy available by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("the savings clause"). The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 425-26 (4th Cir. 2018). Thus, unless the requirements for jurisdiction are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal conviction or sentence. *Id.*

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a *conviction* when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). An even more stringent standard applies when a defendant claims that a § 2255 motion is inadequate and ineffective to test the legality of a *sentence*. The defendant must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

James' § 2241 claims contend that *Mathis* represents a retroactive, post-conviction change in the legal landscape as required under the *In re Jones* and *Wheeler* standards. The problem with this argument is that *Mathis* did *not* change settled substantive law. As the Fourth Circuit has explained:

> *Descamps* [*v. United States*, 570 U.S. 254 (2013)] and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *Descamps*, 570 U.S. at 260, 133 S.Ct. 2276 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) ("In *Descamps*, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach[.]").

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (unpublished). In short, "*Mathis* did not change the settled substantive law of the Supreme Court with regard to when a court should apply the categorical or modified categorical approach." *Ham v. Breckon*, 994 F.3d 682, 692 (4th Cir. 2021). Not only does *Mathis* fail to fulfill the retroactive legal change facet of the jurisdictional standards in *Jones* and *Wheeler*, but it also did not decriminalize James' offense conduct, as required to challenge his convictions under *In re Jones*.

For the stated reasons, James has not demonstrated under the requirements of *In re Jones* or *Wheeler* that § 2255 is inadequate and ineffective to test the legality of his sentence or convictions. Consequently, I have no jurisdiction to address the merits of his claims under § 2241. Therefore, I will dismiss the Petition without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: December 29, 2021

/s/ JAMES P. JONES
Senior United States District Judge